

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | | |
|---|---|---|---|
| VERONICA CHAVEZ, | § | No. 08-23-00265-CV | |
| Appellant, | § | Appeal from the | |
| v. | § | 388th Judicial District Court | |
| MARK VARA, | § | of El Paso County, Texas | |
| Appellee. | § | (TC# 2012DCM10912) | |

## <u>MEMORANDUM OPINION</u>

This appeal is before the Court on its own motion to determine whether the appeal should be dismissed for want of jurisdiction. Concluding that Appellant's notice of appeal is untimely, we dismiss the appeal.

Appellant Chavez attempts to appeal a prefiling order entered on June 22, 2023, declaring her a vexatious litigant and prohibiting her from filing, pro se, any new litigation without the local administrative judge's permission. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101. A prefiling order entered under § 11.101 is an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(c); *Restrepo v. All. Riggers & Constructors, Ltd.*, No. 08-15-00011-CV, 2015 WL 999950, at *1 (Tex. App.—El Paso Mar. 4, 2015, no pet.) (mem. op., not designated for publication) ("A pre-filing order is appealable."). Interlocutory appeals are accelerated, and a party

perfects such an appeal by timely filing a notice of appeal within 20 days after a final judgment is signed. TEX. R. APP. P. 28.1(a) (providing for accelerated interlocutory appeals); 26.1(b) (providing a 20-day deadline for filing a notice of appeal in an accelerated appeal).

On October 5, 2023, Appellant filed her notice of appeal of the prefiling order entered on June 22, 2023. The same day, the Clerk of this Court sent Appellant a letter indicating that the appeal was not timely perfected. The letter gave notice of the Court's intent to dismiss the appeal for want of jurisdiction after ten days from the date of the letter unless grounds were shown for the Court to continue the appeal. *See* TEX. R. APP. P. 42.3(a). Appellant timely filed a response to this Court's letter in which she acknowledges she filed the appeal past the 20-day deadline. Although Appellant's notice of appeal is untimely, she asks this Court to grant her an extension of time.

In support of her request, Appellant cites our recent opinion *In re Vara*, a case in which Appellant petitioned this Court for mandamus relief from the same prefiling order that she also challenged by direct appeal. *In re Vara*, No. 08-23-00190-CV, 2023 WL 4771218, at *1 (Tex. App.—El Paso 2023, orig. proceeding) (mem. op., not designated for publication). We denied the petition, finding that Appellant was not entitled to mandamus relief because she had an adequate remedy by direct appeal. *Id.* Appellant contends that we should construe our opinion as granting an implied extension to file her notice of appeal in this cause. We decline to do so.

Texas Rule of Appellate Procedure Rule 26.3 provides that an appellate court "may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice of appeal," Appellant files a notice of appeal in both the trial and appellate courts. TEX. R. APP. P. 26.3. Appellant's notice of appeal was not filed in this Court until October 5, 2023, well outside of the 20-day deadline and 15-day grace period contemplated by the Texas Rules of Appellate Procedure. TEX. R. APP. P. 26.1(b), 26.3.

2

Accordingly, we dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 26.1, 42.3(a), (c), 43.2(f).

LISA J. SOTO, Justice

October 16, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.